MOSELEY
*vs.*
KEYS
&
ROBERTS.

---

## MOSELEY *vs.* KEYS & ROBERTS.

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The authority of a clerk to sign the name of a mercantile firm to a letter of credit addressed to a particular person, when denied may be shown by circumstantial evidence, when there is no direct proof.

This is an action based on a letter of credit.

The plaintiff alleges that on the 4th April, 1839, B. A.

Gamble acting in the name and by the authority of the defen- Eastern Dis.
*April,* 1841.

Moseley
*vs.*
Keys
&
Roberts.

dants, addressed a letter of credit by which they engaged to accept such drafts as Samuel Armistead might draw on their house between the first of December, 1839, and first of February, 1840, to the extent of $2000. That on the 6th August, 1839, the said Samuel Armistead did draw his draft on said firm for $2000, in favor of this petitioner, payable the 2d December following and delivered the same, which was presented for acceptance and afterwards for payment at maturity, and duly protested for non-acceptance and non-payment. He prays judgment for the amount thereof.

The defendants denied that the letter of credit was written or signed by them or by Benjamin A. Gamble, or any other person by their authority. That they never accepted or promised to pay said draft and are not bound for the same.

Upon these pleadings and issues the parties proceeded to trial.

The case turned mainly on a question of fact, whether B. A. Gamble, then the clerk of the defendants had authority to write and sign the letter of credit under which the draft was drawn.

The Judge presiding at the trial was of opinion that the defendants were bound under the letter of credit to accept and pay the draft, and gave judgment for the plaintiff. The defendants appealed.

*Peyton & Smith,* for the plaintiff.

*Vason,* contra.

*Bullard, J.* delivered the opinion of the court.

The plaintiff alleges himself to be the holder of a bill of exchange drawn by Samuel Armistead upon the defendants in virtue of their letter of credit in favor of the latter, whereby they promised to accept any drafts drawn by him upon them not exceeding two thousand dollars, payable between the first of December, 1839, and the first of February, 1840, but which

EASTERN DIS.
April, 1841.

MOSELEY
vs.
KEYS
&
ROBERTS.

bill they refused to accept. The plaintiff alleges that the let-
ter of credit was written by Benjamin A. Gamble, acting in the
name and by the authority of the defendants.    The defendants
for answer say that the letter of credit described in the petition
was not drawn nor subscribed by them nor by any person duly
authorized by them, and that if it was drawn by Gamble he
had no authority to subscribe their names thereto, and that they
never accepted and were not legally bound to pay the draft
sued on.    There was a judgment for the plaintiff and the de-
fendants appealed.

The case turns altogether upon a question of fact, to wit:
the authority of Gamble to sign the name of the defendants to
a letter of credit in favor of Samuel Armistead.    The evidence
appears to us perfectly satisfactory that the letter of credit was
executed by their order.    It is true that in the letter-book which
was kept by Gamble the copy appears to be addressed to Wil-
liam Armistead, who is shown to be a responsible man, but the
index referring to the copy has the name of Samuel Armistead,
which corresponds with the original.    Another strong circum-
stance is the fact shown in evidence that the defendants took
collateral security from Samuel Armistead to guaranty them
against their letter of credit.    It is not shown that William Ar-
mistead had any dealings with the house.    On the contrary
Samuel Armistead had been in correspondence with them and
they had made a purchase of cotton from him which was shipped
to New York a few days after the date of the letter of credit.
Gamble's character appears to have been above reproach.    A
letter written by him to the plaintiff from Ireland, which it was
agreed should be read as a deposition in the event of a law
suit, was properly used notwithstanding the defendant's objec-
tion to it, and particularly certain parts of it alleged to be im-
pertinent and defamatory.  He gives a full and fair explana-
tion of the transaction, from which it is clearly shown not only
that he was expressly authorized to sign the letter of credit to
Samuel Armistead, but that it was done contrary to his advice,
and that one of the partners expressed his regret afterwards at

having done so, and said jocosely that the only way of evading it was to charge him (Gamble) with forgery. Gamble expresses a just and manly indignation at the shuffling equivocation of the defendants, which was certainly calculated, after he had left the country, to leave a foul imputation upon his name.

It is therefore ordered, adjudged and decreed that the judgment of the Commercial Court be affirmed with costs and ten per cent. damages.